The writ, therefore, will be denied and the petition dismissed at the costs of the relator.

---

## RECOVERY ON A CONTRACT NOT RIGIDLY PERFORMED.

Circuit Court of Hamilton County.

MATHEW RYAN v. AUGUST SCHARDT.

Decided, January 11, 1909.

*Contracts—Failure to Literally Perform—Preponderance of Evidence—Burden of Proof—Charge of Court.*

1. A contractor may recover notwithstanding his contract has not been rigidly performed.
2. There are no degrees of preponderance; if the evidence preponderates at all, however slightly, it is sufficient.

*Charles F. Williams* and *Horace A. Reeve,* for plaintiff in error.
*Closs & Luebbert,* contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

We do not think the judgment of the trial court should be reversed on the ground that the verdict is not sustained by sufficient proof nor do we find error in the trial court refusing the special charges asked for by plaintiff in error. The rigid rule contended for in these charges has been relaxed and where for-

merly no recovery could be had on a contract like the one in suit unless the agreement was strictly performed, yet now where the contractor acts in good faith there may be such a recovery although the contract may not have been literally performed. *Kane* v. *Stone & Company*, 39 O. S., 1.

There is error, however, in the general charge of the court in this: The court does not definitely or clearly define to the jury the meaning of the burden of proof or the preponderance of the evidence. Also in those portions of the charge where the court speaks of the drain as one which an ordinarily reasonable and prudent man would have had constructed through his property. This was not the question for the jury but the action was upon a written contract, the performance of which was disputed. Also in charging the jury that the defendant must show that the sewer or drain as built by the plaintiff does not comply with the terms of the agreement. This burden was upon the plaintiff to show that it did so comply, and it was also error to charge that the burden of proof should be established by a fair preponderance of the evidence. There are no degrees in preponderance; if the evidence preponderates at all, however slightly, this is sufficient. *Russell* v. *Russell*, 6th C. C., 294.

No other errors appearing in the record, for the above reasons the judgment of the trial court is reversed.

---

### AMENDMENT AFTER REVERSAL.